UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOLENE BOWMAN,

        Plaintiff,

v.                                                   Case No. 06-C-136

HOME DEPOT USA, INC.,

        Defendant.

**ORDER**

On February 1, 2006, plaintiff Jolene Bowman, a sixty-year-old female, filed a complaint alleging that she was terminated from her employment at the defendant's retail store located in Appleton, Wisconsin for smoking a cigarette in an area just outside of the store. Bowman alleges that the area is not designated as a non-smoking area and that she was not previously advised that she could not smoke there. Further, plaintiff alleges that she had previously seen male co-workers and younger co-workers smoking in the same area and that the defendant knew of this fact and took no action against them. Based upon these allegations, Bowman alleges that the decision to terminate her was based upon her gender and/or her age. Her lawsuit arises under Title 7 of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 as amended or restated, and the Age Discrimination and Employment Act (ADEA), 29 U.S.C. §§ 621-634, as amended or restated.

The case is presently before me on a motion to dismiss for failure to timely serve Home Depot with a copy of the complaint pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. As noted above, plaintiff filed her complaint on February 1, 2006. Rule 4(m) requires service of

the complaint within 120 days, which would have been June 1, 2006. Home Depot was not served, however, until August 7, 2006, some 187 days after the filing of the complaint. Home Depot claims that there was no good cause for plaintiff's failure to effect timely service and that pursuant to Rule 4(m), the case must be dismissed.

Plaintiff, in response, argues that good cause does exist. She contends that the delay in service upon the defendant was caused by Home Depot's attorney leading her attorney to believe that she would accept service on behalf of Home Depot. Plaintiff contends that it was not until a letter from Home Depot's counsel dated July 18, 2006, that she was clearly advised that counsel was not authorized to accept service on behalf of the defendant. At that point, plaintiff contends that she immediately took steps to serve the defendant personally which was accomplished on August 7, 2006.

I am satisfied that the plaintiff has failed to establish good cause. The correspondence from counsel for Home Depot which was attached to the parties' affidavits does not support plaintiff's contention that counsel for Home Depot led her attorney to believe that personal service was not required. On February 21, 2006, counsel for Home Depot wrote plaintiff's attorney advising him "as we discussed, I have not been authorized to accept service by Home Depot. However, I will speak to my contacts at Home Depot regarding your request." (Affidavit of Jerilyn Jacobs, Exh. 1.) In correspondence dated March 10, 2006, counsel for Home Depot asserts that she is confirming that plaintiff has not served Home Depot USA, Inc. with the summons and complaint in this lawsuit. (Affidavit of Jerilyn Jacobs, Exh. 2.) No mention is made of the attorney accepting service on Home Depot's behalf. Again, on April 13, 2006, counsel for Home Depot wrote plaintiff's counsel confirming their previous agreement that plaintiff's counsel would notify her "if you intend upon effectuating service on Home Depot USA, Inc." (Affidavit of Jerilyn Jacobs, Exh. 3.) Plaintiff adds

2

nothing to the correspondence that would support her contention that her attorney was "led to believe" that service upon Home Depot was not required. While counsel for plaintiff may have relied upon the customs and courtesies of the local bar where such requests for acceptance of service are generally met with a more definite response so as to avoid such misunderstandings and the potentially disastrous consequences that can result, it is questionable whether such reliance can be considered reasonable in a national court system. *See Wilson v. Winstead*, 84 F.R.D. 218, 219 (D.C. Tenn. 1979). ("[C]ounsel who practice in this court are cautioned against deeming any localized custom or practice to constitute 'good cause' for the setting aside of an entry of default in this court ....") In any event, plaintiff does not claim such reliance and it would be improper for this court to rely upon reasons not proffered by her. I therefore find that plaintiff has failed to establish good cause for her failure to timely serve the defendant.

But is does not follow that plaintiff's complaint must be dismissed. Although both parties assume that the issue of good cause is determinative, a more careful reading of its language of Rule 4(m) indicates that it is not. In pertinent part, Rule 4(m) states:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant *or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.*

Fed. R. Civ. P. 4(m) (emphasis added).

In *Panaras v. Liquid Carbonic Industries, Corp*. 94 F.3d 338 (7th Cir. 1996), the Seventh Circuit described the operation of the rule under circumstances such as those presented here. The court noted that, when considering a failure to timely serve a defendant, the district court must first inquire whether a plaintiff has established good cause for failing to effect timely service. If good

3

cause is shown, the rule requires that the district court extend the time for service for an appropriate period. Note, "[i]n other words, where good cause is shown, the court has no choice but to extend the time for service, and the inquiry is ended." *Id.* at 340. Where good cause is not established, however, the court noted that the district court still "may, in its discretion, either dismiss the action without prejudice or direct that service be effected within a specified time." *Id.* Thus, even absent a showing of good cause, "a district court must still consider whether a permissive extension of time is warranted." *Id.* at 341.

Among the factors that the court should consider in exercising its discretion to extend the time for service of the summons, even absent good cause, is whether the statute of limitations has run. *See Panaras* at 341; and Advisory Committee Note to Rule 4. ("Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service."). In this case, as in *Panaras*, it appears that the plaintiff had 90 days after receipt of her Right to Sue letter to institute suit. If Home Depot's motion to dismiss is granted, it is therefore likely that plaintiff's suit will be barred by the applicable statute of limitations. Although technically not a dismissal with prejudice, it would effectively operate as such. This consequence is simply too harsh for the small delay resulting from plaintiff's inadvertent failure to timely serve the defendant. For this reason, the defendant's motion to dismiss will be denied and, instead, the court extends the time for service of the Summons and Complaint to an including August 7, 2006.

**SO ORDERED** this __18th__ day of September, 2006.

s/ William C. Griesbach
William C. Griesbach
United States District Judge